IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MICHAEL STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-23-00502-JFJ |
| | ) | |
| 1. DISH NETWORK L.L.C., | ) | |
| 2. ECHOSPHERE, L.L.C., | ) | |
| 3. ECHOSTAR SATELLITE L.L.C., | ) | |
| d/b/a DISH NETWORK L.L.C., | ) | |
| 4. DAVID GEIGER, | ) | |
| 5. JIM CLARK, AND | ) | |
| 6. ALEX RIVERA, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Stone, and for his Complaint against the Defendants, alleges and states as follows:

## PARTIES

1. Plaintiff, Michael Stone, is an adult male residing in Rogers County, Oklahoma.

2. Defendants are:

   a. Dish Network L.L.C., an entity doing business in and around Tulsa County, Oklahoma;

   b. Echosphere, L.L.C., an entity doing business in and around Tulsa County, Oklahoma;

1

  c. EchoStar Satellite L.L.C., d/b/a Dish Network L.L.C., an entity doing business in and around Tulsa County, Oklahoma (Dish Network, L.L.C., Echosphere, L.L.C., and EchoStar Satellite, L.L.C. d/b/a Dish Network L.L.C. collectively referred to herein as "Defendant entities");

  d. David Geiger, an individual employed at all relevant times as a supervisor and Team Lead for Defendant entities;

  e. Jim Clark, an individual employed at all relevant times as a Site Manager for Defendant entities; and

  f. Alex Rivera, an individual employed at all relevant times as a Site Manager for Defendant entities.

## **JURISDICTION AND VENUE**

3. This cause of action arises out of Plaintiff's former employment with Defendant entities and is based on: (a) disability discrimination and retaliation for having requested reasonable accommodations in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (b) tortious interference with a contractual/employment relationship; and (c) tortious interference with a prospective business advantage.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's corresponding state law claims as they arise out of the same core of operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. § 1367(a).

5. All of the actions complained of herein occurred in and around Tulsa County, Oklahoma. Tulsa County is located within the United States District Court for the Northern District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391.

6. Plaintiff has exhausted his administrative remedies as to the above-listed claims. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 6, 2022 and an Amended Charge of Discrimination with the EEOC on or about June 22, 2023. The EEOC issued a Dismissal and Notice of Rights letter on or about October 6, 2023, which was received by Plaintiff thereafter. Plaintiff has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

## STATEMENT OF FACTS

7. Plaintiff was employed with Defendant entities as a Sales Representative from on or about August 2, 2021, until his termination on or about March 8, 2022.

8. When Plaintiff was interviewed by Hiring Manager Ryan (last name unknown), Plaintiff told him about his back impairment, in that, he has ruptured discs from an injury that occurred in or around July 2021.

9. As a result of his medical condition, Plaintiff is/was a qualified individual with a disability, in that, he suffered/suffers from impairments which substantially limited his ability to perform one or more major life activities, including, but not limited to his ability to sleep, eat, walk, lift, bend, push, pull, sit, stand, balance, drive, think and concentrate.

10. Said conditions also impacted/impact his internal bodily processes, including

but not limited to his musculoskeletal, neurological and nervous systems.

11. Plaintiff also has/had a record of such disabilities and/or was regarded as having such disabilities. At all relevant times though, he was able to perform the essential functions of his job with or without reasonable accommodations.

12. Shortly after his hire date, Plaintiff informed his supervisor and Team Lead, David Geiger, of his back impairment and discussed various accommodations with him, including his need for a standing desk.

13. On or about August 4, 2021, Plaintiff requested an accommodation in the form of a standing desk due to his back impairment to Human Resources ("HR")/Leaves Team (which handles ADA requests). Such request was approved by HR/the Leaves Team.

14. On or about October 18, 2021, Plaintiff submitted an accommodation request to HR/the Leaves Team in the form of working from home intermittently due to the worsening of his back condition.

15. When HR requested additional information, Plaintiff talked to Geiger about his accommodation request and sought guidance from Geiger in relation to the requested information.

16. It is important to note that other employees were working remote who did not suffer from medical issues.

17. On or about November 15, 2021, Angelia Dutton from Defendant entities' Leaves Team denied Plaintiff's request to work from home intermittently, claiming he did not provide the additional information by the deadline.

18. However, such claim is false.

19. Defendant entities allege in their EEOC Position Statement that on or about December 21, 2021, Geiger praised Plaintiff for his performance over the past several months.

20. On or about January 10, 2022, Plaintiff submitted an accommodation request, in the form of intermittent leave due to his medical condition, to HR/the Leaves Team.

21. During this time, Plaintiff underwent three (3) epidural injections in an effort to alleviate the intense back pain he was enduring. He used a cane and had a handicap placard.

22. On or about February 22, 2022, Geiger told Plaintiff that he had allegedly violated a Tier III policy and that the matter was being investigated. Particularly, Geiger accused Plaintiff of violating the policy by allegedly misrepresenting the customer's legal right of rescission on or about January 19, 2022.

23. The policy states that, "the 24 hour right to cancel without an ETF [early termination fee] is a rescission right rather than a free trial offer and should be disclosed when reading the required disclosures. If the customer inquires if there is a timeframe to disconnect without being subject to an early termination fee, you should make the customer aware of the rescission right, but in no circumstance should you characterize this as a free trial offer."

24. However, Plaintiff followed the training he received from Geiger and Plaintiff's mentor, Dalton Parks, and acted consistent with the policy in question.

25. This was the first that Plaintiff had heard of any alleged issues with his employment. And, Geiger did not allow Plaintiff to ask questions or to provide a response.

26. On or about March 1, 2022, Daina Laughton with the Leaves Team approved Plaintiff for intermittent leave in the form of twelve (12) doctors' appointments over the next twelve (12) months and two (2) absences per month for intermittent flare-ups.

27. Per Defendant entites' EEOC Position Statement, on or about February 24, 2022, Geiger recommended Plaintiff's termination.

28. Defendant entites' also alleged in their Position Statement that the Leaves Team (again those handling Plaintiff's ADA requests) and others reviewed the termination recommendation and approved it on or about February 28, 2022.

29. On or about March 8, 2022, Managers Jim Clark (Geiger's immediate supervisor) and Alex Rivera fired Plaintiff, citing the Tier III violation as the alleged reason, claiming Plaintiff told customers they had 24 hours to terminate their contract.

30. The reason for termination was pretext.

31. Geiger and Parks were both responsible for monitoring Plaintiff's calls and statements to customers, but they were not fired in relation to this allegation. In addition, they did not raise any issue with Plaintiff's comments to customers prior to this situation.

32. Moreover, Plaintiff had performed his job satisfactorily and had not been disciplined prior to his termination. And, Defendant entities had a progressive discipline policy in place that was not followed in terminating Plaintiff.

33. Parks had previously committed a Tier III violation, but was not fired.

34. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries described hereafter.

## COUNT I: ADA/ADAAA

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

35. This Count is asserted against Defendant entities.

36. The matters alleged above constitute violations of the ADA/ADAAA in the form of disability discrimination and retaliation.

37. More specifically, Plaintiff was a qualified individual with a disability, in that, he suffers from impairments which substantially limited one or more major life activities, as set forth above. Further, Plaintiff's disabilities impact one or more of his internal bodily processes, as shown herein. And, Plaintiff had a record of disability and was regarded as disabled because he had an actual or perceived impairment at the time Plaintiff was terminated.

38. Despite his impairments, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations at all relevant times hereto.

39. Plaintiff was terminated under circumstances giving rise to an inference of discrimination.

40. Defendants denied Plaintiff reasonable accommodations.

41. The matters alleged above also constitute retaliation for having requested reasonable accommodations in violation of the ADA and ADAAA. Plaintiff is entitled to

relief because he engaged in protected activity by requesting reasonable accommodations, he suffered an adverse action subsequent to the protected activity and a causal link exists between the protected activity and the adverse actions.

42. As damages, Plaintiff has suffered lost income, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

43. Because the actions of Defendant entities were willful, wanton or, at least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: Interference With An Employment Relationship

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

44. This Count is asserted against Defendants Geiger, Clark, and Rivera.

45. The acts described-above constitute tortious interference with a contractual/employment relationship, i.e., Plaintiff's employment with Defendant entities. Defendants Geiger, Clark, and Rivera's actions were malicious and caused an actual harm to Plaintiff's employment relationship with Defendant entities. Defendants Geiger, Clark, and Rivera had no justification, excuse or privilege for such interference.

46. Defendants Geiger, Clark, and Rivera knew or should have known of Plaintiff's employment relationship and expectancy of continued employment with Defendant entities.

47. Defendants Geiger, Clark, and Rivera wrongfully terminated Plaintiff's

employment based on the unlawful grounds set forth above.  As such, Defendants Geiger, Clark, and Rivera interfered with the employment relationship and expectation of continued employment Plaintiff had with Defendant entities.

48. The actions of Defendants Geiger, Clark, and Rivera were intentional, malicious and wrongful.  Defendants Geiger, Clark, and Rivera was not acting to serve any legitimate or lawful interest of Defendant entities, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federally protected rights.

49. In addition to not being legitimate, Defendants Geiger, Clark, and Rivera's actions was not justified or privileged.

50. As damages, Plaintiff is entitled to all relief allowed by state law.  Moreover, because the actions of Defendants Geiger, Clark, and Rivera were willful, wanton or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT III: Interference With A Prospective Economic Advantage**

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

51. This Count is asserted against Defendants Geiger, Clark, and Rivera.

52. The acts described-above constitute unlawful interference with Plaintiff's prospective economic advantage.

53. Plaintiff had a reasonable expectation of profit in his continued employment

with Defendant entities.

54. Defendants Geiger, Clark, and Rivera had knowledge of this relationship and/or expectancy of continued employment.

55. Defendants Geiger, Clark, and Rivera intentionally induced or caused a breach of Plaintiff's expectancy of continued employment

56. Such a breach resulted in damage to Plaintiff.

57. Defendants Geiger, Clark, and Rivera wrongfully terminated Plaintiff's employment based on the unlawful grounds set out above. As such, Defendants Geiger, Clark, and Rivera interfered with Plaintiff's reasonable expectation of profit in her continued employment with Defendant entities.

58. The actions of Defendants Geiger, Clark, and Rivera were intentional, malicious and wrongful. And, Defendants Geiger, Clark, and Rivera had no justification, excuse or privilege for their actions. Defendants Geiger, Clark, and Rivera were not acting to serve any legitimate or lawful interest of Defendant entities, but were pursuing their own motives which included hostility toward Plaintiff due to personal disregard for Plaintiff's state and federal protected rights.

59. Plaintiff suffered damages as a direct result of the actions of Defendants Geiger, Clark, and Rivera. Such damages were proximately sustained as a direct result of the complained-of interference.

60. As a result, Plaintiff is entitled to all damages allowed by Oklahoma state law. Moreover, because the actions of Defendants Geiger, Clark, and Rivera were willful, wanton

or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff request this Court enter judgment in favor of Plaintiff and against Defendants and award Plaintiff compensatory damages, back pay, front pay, emotional distress damages, punitive damages, pre-and post- judgment interest, costs, attorneys' fees and all other relief as permitted by law and as deemed equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 21ST DAY OF NOVEMBER, 2023.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
KARINA R. LUECK, OBA # 35171
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800   (telephone)
(405) 239-3801   (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net
lueckkr@leonardlaw.net
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED